

**LAW FIRM OF
OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT,
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

February 3, 2026

**VIA ECF**

The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:** *Ahmad Moussa, et al., v. City of New York, et al.*, 25-CV-4732 (FB) (PK);
           Plaintiffs' Opposition to Defendants' Letter Motion to Bifurcate Plaintiffs'
           *Monell* Claim

Dear Judge Kuo:

    Plaintiffs submit this letter in opposition to Defendants' letter motion seeking bifurcation of Plaintiffs' *Monell* claim based on Plaintiffs' Deposition Notice under Fed. R. Civ. P. 30(b)(6). Defendants seek bifurcation not to promote efficiency, but to avoid discovery into City policies, customs, and final policymaker conduct—discovery that is central to Plaintiffs' claims against the City of New York. Plaintiffs assert direct municipal liability under *Monell* through allegations of unconstitutional City customs and practices, NYPD operations to quell First Amendment-protected activity, and statements and actions related to the subject incident by final policymakers, including former Mayor Eric Adams. *See* FAC ¶¶ 9, 11-12, 52-66, 295-310.

    Discovery and adjudication of Plaintiffs' *Monell* claim therefore cannot be severed without substantial prejudice to Plaintiffs. Plaintiffs respectfully request that this Court deny Defendants' letter motion to bifurcate Plaintiffs' *Monell* claim, Dkt. 59, and order Defendants to comply with their obligation to confer in good faith regarding their dispute related to Plaintiffs' 30(b)(6) Notice.

    **I.  Defendants Failed to Meet and Confer in Good Faith and Have Not Complied with this Court's Rules and the Local Civil Rules.**

    Defendants' motion, though styled as a motion to bifurcate, is based on a discovery dispute related to Plaintiffs' Deposition Notice under Fed. R. Civ. P. 30(b)(6). Plaintiffs served the 30(b)(6) Notice to seek discovery related to municipal policies and practices that caused Plaintiffs' injuries. *See* FAC, ¶¶ 298, 309. Although Defendants raise a discovery dispute related to the topics listed in the 30(b)(6) Notice, they have not complied with the Federal Rules of Civil Procedure related to 30(b)(6) deposition notices. Specifically, the Rules require that "[b]efore or promptly after the [deposition] notice … is served, the serving party and the organization must confer in

good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). In the same vein, Defendants failed to comply with this Court's rule to submit a joint letter after conferring with Plaintiffs about the discovery dispute. *See* Individual Rule VI(A)(1). Nor did Defendants comply with Local Civil Rule 37.2 to request an informal conference to resolve the dispute prior to filing a motion premised on Plaintiffs' 30(b)(6) Notice.

Despite repeated requests from Plaintiffs' counsel for Defendants' written position and objections to Plaintiffs' 30(b)(6) Notice, and for a conference to adequately engage in a good faith effort to resolve the dispute, Defendants delayed for months and, finally, unilaterally decided that a conference was not necessary. *See* Attorney Correspondence, Ex. A (30(b)(6) email correspondence); *see also* Dkt. 59 ("Defendants believe a meet and confer is unlikely to be productive."). Plaintiffs served the 30(b)(6) Notice via e-mail on November 12, 2025. *Id.* at 10. Defendants responded the next day stating that they are "inclined to object" without providing any specific objection to any matters listed in the Notice. *Id.* at 9. Only after repeated attempts by Plaintiffs to understand the basis for Defendants' conclusory objection, Defendants finally provided some level of written basis for their objection on January 23, 2026, **72 days** after Plaintiffs served the Notice. *Id.* at 2-4. Upon Defendants' motion to bifurcate, Plaintiffs' counsel for the first time learned about additional objections to Plaintiffs' 30(b)(6) Notice. For example, Defendants state that some of the requests in Plaintiffs' 30(b)(6) Notice are duplicative. Plaintiffs would have been, and are, more than happy to discuss and negotiate specific topics listed in the 30(b)(6) Notice, as Plaintiffs' counsel has previously expressed. *See* Correspondence, Ex. A, at 8-9.

Should this Court treat Defendants' motion as a non-dispositive non-discovery motion, Defendants have also not complied with this Court's rule to submit a letter certifying compliance with Individual Rule VI(A)(2). And Defendants submitted a letter motion, without a Notice of Motion. *See* Local Rule 7.1 (requiring Notice of Motion except where letter motions are permitted by Rule). For these reasons and those below, Plaintiffs respectfully request that this Court deny the Defendants' letter motion and require them to engage in a good faith conference with Plaintiffs to negotiate the topics listed in Plaintiffs' 30(b)(6) Notice.

### II. Bifurcation of the *Monell* Claim is Unwarranted and is Against Judicial Economy.

The dispute regarding Plaintiffs' 30(b)(6) Notice, and Defendants' failure to comply with the discovery rules is not a sound basis for bifurcation. "Bifurcation under Rule 42(b) 'is reserved for truly extraordinary situations of *undue* prejudice.'" *McKoy v. Cnty. of Suffolk*, 2025 U.S. Dist. LEXIS 29723, *10 (E.D.N.Y 2025) (quoting *Monaghan v. SZS 33 Assocs.*, 827 F.Supp. 233, 246 (S.D.N.Y. 1993)) (emphasis in original). Bifurcation is "the exception, not the rule." *Lewis v. City of New York*, 689 F. Supp. 2d 417, 428 (E.D.N.Y. 2010) (denying motion for bifurcation and finding that the "movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce"); *see also Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) ("presumption is that all claims in a case will be resolved in a single trial, and it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice") (internal citations omitted).

Defendants do not offer any reason why a joint trial would result in unfairness, let alone establish extraordinarily undue prejudice. "In the absence of any tangible evidence to demonstrate that a joint trial of the individual and *Monell* claims would be unduly prejudicial … Defendants' claims of prejudice are speculative, and should be rejected." *Pavlovich v. New York*, 1992 U.S. Dist. LEXIS 13070, *8-9

(S.D.N.Y. 1992) (rejecting a "per se rule that *Monell* claims always should be tried separately").

In addition, "[s]eparate trials are not appropriate when issues, witnesses and documentary evidence overlap." *Pavone by Pavone v. Gibbs*, 1997 U.S. Dist. LEXIS 16530, *3 (E.D.N.Y. 1997). The *Pavone* Court found:

> In deciding the issue of the individual defendants' liability, the jury would need to hear about the policies and procedures of [the municipal agency], themselves the basis of the *Monell* claims. There would be substantial overlap of witnesses and documentary evidence in the event of separate trials, none of which would further judicial economy.

*Id.* at *3-*4. This is exactly the case here. As part of their *Monell* claim, Plaintiffs allege that Defendant City of New York ("City") maintained, and was deliberately indifferent to, multiple unlawful policies related to (1) unconstitutional policing tactics (e.g., stop & frisk) resulting from City approval of Israeli Defense Force trainings for NYPD police officers, *see* FAC at ¶¶ 52-66, 296-297, 309; (2) unconstitutional policies related to policing First Amendment protected activity, especially where such activity relates to support for the Palestinian people—including the use of kettling, excessive force, and arrest without individualized probable cause, *see id.* at ¶¶ 300-302, 309; and (3) the failure to train NYPD officers on constitutional limits and rights, *see id.* at ¶¶ 301, 305-307, 309. In addition, Plaintiffs allege that City officials, including former Mayor Eric Adams, ordered or otherwise directed the conduct of the individual officer Defendants during the incident. *See* FAC at ¶¶ 9, 11-12, 64-66. Finally, Plaintiffs alleged that the City's unconstitutional policies and practices violated their rights and caused them damages. *Id.* at ¶¶ 304, 309-310.

As Plaintiffs allege that their damages were a result of the individual defendant officers' actions as directed by the former Mayor and the City's unconstitutional policies and practices related to policing First Amendment-protected activity, the evidence a jury hears would be essentially identical in separate trials and would be a waste of judicial resources. *See Devito v. Barrant*, 2005 U.S. Dist. LEXIS 22444, *36 (E.D.N.Y. 2005) ("Just as bifurcation may save judicial resources, it could cause a waste of judicial resources if witnesses and evidence must be presented twice."). The cases which Defendants cite to support bifurcation – *Ricciuti, Tabor, Mineo,* and *Jimenez* – can all be distinguished on this basis, as none of them feature the personal involvement of municipal officials, let alone the City's highest executive, in the underlying unlawful conduct. Here, former Mayor Adams' entanglement creates an inextricable link between the individual Officer Defendants' liability and the *Monell* claim. *See Burgess v. City of New York*, 2025 U.S. Dist. LEXIS 27830, *5-6 (S.D.N.Y. 2025) ("....courts that have declined to bifurcate where, as here, 'there is a close nexus between the conduct of an official on a given occasion and a municipal practice or policy.'") (citing *Pavlovich v. City of New York,* 91-cv-5030 (PKL), 1992 U.S. Dist. LEXIS 13070 at *3, (S.D.N.Y. Aug. 31, 1992) (denying motion for separate trials and a stay of *Monell* discovery); *see also Schoolcraft*, 133 F. Supp. 3d 563, 571 (S.D.N.Y. 2015) ("Defendants' attempted bifurcation … was rejected on two grounds: significant factual and evidentiary overlap between claims; and lack of substantial prejudice because curative instructions and limiting jury instructions could mitigate any risk.").

**III. Defendants' Request for Bifurcation is Prejudicial to Plaintiffs and Would Not Benefit Defendants**

Defendants present no persuasive argument that a discovery dispute is a valid basis for a motion

3

to bifurcate. In addition, despite receiving Plaintiffs' 30(b)(6) Notice as early as November 12, 2025, Defendants waited two and a half months to move to bifurcate Plaintiffs' *Monell* claim based on the 30(b)(6) Notice. In the interim, Defendants requested a two-month adjournment of the fact discovery deadline to complete their response to Plaintiffs' discovery requests but did not raise any issue with Plaintiffs or with the Court related to discovery on the *Monell* claim. *See* Dkt. 56. The Court then accepted the Case Management Plan that was stipulated between Plaintiffs and Defendants. Dkt. 58. Plaintiffs thus expected substantive discovery from Defendants on Plaintiffs' *Monell* and other claims by January 7, 2026[1] such that Plaintiffs may proceed with depositions, meet the fact discovery deadline, and proceed to trial. In response to forty-seven document requests, Defendants produced only four pages of documents in total, even withholding evidence squarely related to *Monell* and non-*Monell* claims, such as the identities of involved officers and video footage of the incident. *See* Defendant Production, Ex. B, at 1-4. Defendants did not answer most of Plaintiffs' interrogatories.

Defendants' request serves only to delay proceedings, and would cause undue expense to Plaintiffs, who would have to pay for two trials that overlap. *See* Section II, *supra*. Further weighing against bifurcation is that the City will not substantially benefit. *See Burgess v. City of New York*, 2025 U.S. Dist. LEXIS 27830, *5-6 (S.D.N.Y. 2025) ("A single Fed. R. Civ. P. 30(b)(6) witness will not create significant added expense for the City, though a bifurcated trial and discovery schedule presumably would as it would require the empaneling of two separate juries."). Bifurcation under these circumstances would not promote efficiency; rather, it would reward repeated delay. In *Pavone*, the Court opined:

> "Defendants have made no showing of undue prejudice particular to the circumstances of this case. They assert that there would be prejudice to the City if the jury finds the individuals acted unconstitutionally, and prejudice to the individual defendants if the jury finds that the City engaged in a pattern of unconstitutional conduct. But there is no limiting principle to defendants' argument. If defendants were granted the relief they seek on this record based only upon speculation and their generalized assertion of prejudice, then the trial of virtually any civil rights action against a municipality and its individual employees would require bifurcation. Defendants' motion for separate trials is denied. As the trial shall not be bifurcated, there is no reason to stay discovery on the *Monell* claims. The motion to stay *Monell* discovery is denied."

*Pavone*, 19917 U.S. Dist. LEXIS 16530, at *5.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion to bifurcate and direct the parties to resolve any discovery dispute promptly and in good faith to avoid further delays.

---

[1] Specifically, Defendants served deficient responses on January 7, 2026, and Plaintiffs served their responses on January 21, 2026. Defendants included a boilerplate objection to discovery on the *Monell* claim and in response to multiple other discovery requests. Plaintiffs served Defendants with a deficiency letter dated January 29, 2026, and are preparing for a conference with Defendants about these deficiencies to confer in good faith.

Respectfully submitted,


___/s/ Omar Mohammedi_____

Omar T. Mohammedi
Mustapha Ndanusa
Law Firm of Omar T. Mohammedi, LLC.
233 Broadway, Suite 820
The Woolworth Building
New York, NY 10279
(212) 725-3846



/s/ Brendan Carroll_____

Brendan Carroll
Deema Azizi
Council on American-Islamic Relations, New York Inc. ("CAIR-NY")
233 Broadway, Suite 820
The Woolworth Building
New York, NY 10279
(646) 665-7599