LAW FIRM OF
# OMAR T. MOHAMMEDI, LLC

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 X101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL

March 16, 2026

**VIA E.C.F.**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Ahmad Moussa, et al. v. City of New York, et al.*, 25-CV-4732 (FB) (PK)

Your Honor,

This office represents the Plaintiffs in the above referenced civil matter. We write this status report on behalf of the parties to update the court on the parties' recent meet and confer as well as to request a sixty (60) days extension of discovery in this matter.

On March 9, 2026, defendants served Plaintiffs with a deficiency letter, a more targeted 160.50 authorization, a privilege log, and produced documents responsive to some of Plaintiffs demands. On March 10, 2026, the parties held a Teams meet and confer to discuss outstanding discovery issues as well as Defendants' recent production. At the end of the meeting, the parties agreed to the following:

- Defendants will search for documents responsive to Plaintiffs' Document Requests 21 and 28.

- Defendants will follow up as to documents related to Plaintiffs' 160.50s, which may include information as to the identities of other officers involved in Plaintiffs' arrests.

- Body Worn Camera ("BWC") will be reviewed.

- Personnel files will be produced within 14 days of the ordering of the confidentiality stipulation.

- Plaintiffs will serve a renewed deficiency letter.

- Plaintiffs will write to request consent to any motion for an extension of the time to amend the complaint.

- Both parties agree that additional time is needed to complete discovery.

- Both parties agree that there is no need to brief a motion to compel at this time.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

As to the BWC, Defendants believe that more time is needed to produce the relevant videos of the Plaintiffs. Defendants cannot presently estimate the amount of time it will take to produce the BWC but will do so as quickly as they can. Though Plaintiffs are engaged in obtaining the names of the Plaintiffs that are presently available to be deposed, the parties did not schedule any depositions because the above-mentioned items (e.g. BWC, personnel file, response to Defendant's deficiency) are needed in order to have an effective and productive deposition of either party. In addition, the names of the unknown officers are needed to amend the complaint.

During the discussion, plaintiffs raised concerns regarding the continued delays affecting the progress of discovery. Defense counsel advised that she is currently the only attorney assigned to this matter following the resignation of her co-counsel and that many steps related to document production required 160.50 releases which Plaintiffs produce with their discovery responses on January 21, 2026, following the agreement to extend discovery. Plaintiffs remain without a clear timeline for the production of responsive documents and cannot determine whether additional deficiencies will need to be addressed. This uncertainty has significantly limited plaintiffs' ability to review documents and proceed with depositions.

*Defendants' Position*

Defendants advised Plaintiffs' counsel that many of the documents that they sought required 160.50 releases which Defendants did not receive until the end of January after their initial discovery responses were due. Defendants are now searching for documents responsive to Plaintiffs' requests and continue to be diligent in their discovery obligations.

*Extension Request*

With respect to the discovery schedule, the parties discussed a potential sixty-day extension. While plaintiffs remain uncertain whether sixty days will ultimately be sufficient given the current uncertainty surrounding document production, plaintiffs believe such an extension may serve as a reasonable interim measure while the parties await defendants' production and assess the next steps in discovery. The parties will promptly update the Court once the status of production becomes clearer.

Since the meet and confer, Plaintiffs served their supplemental deficiency letter and made a written request to Defendants to consent to the extension of time to amend the complaint to add additional officers, some of whose names and roles are presently unknown. Defendants sent a signed copy of the Court's standing confidentiality stipulation to Plaintiffs on March 6, 2026. Plaintiffs indicated to Defendants' counsel during the meet and confer that they are in the process of reviewing the stipulation and will advise as to any issues. Plaintiffs signed the confidentiality  agreement on March 16, 2026. The parties will file the confidentiality stipulation as soon as possible to proceed with discovery. In light of the above, the parties jointly request an additional 60 days from May 29, 2026 to complete discovery and a corresponding adjournment of any relevant deadlines.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

The parties thank the Court for its time and consideration herein.

/s/ Omar T. Mohammedi
Omar T. Mohammedi, Esq.
Mustapha Ndanusa, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 820
New York, NY 10279


/s/ Brendan Carroll
Brendan Carroll, Esq.
The Council on American-Islamic Relations, New York
Woolworth Building
233 Broadway, Suite 820
New York, NY 10279

Cc: Defendants' counsel (via ECF)

3