

**STEVEN BANKS**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**SEAMUS O'CONNOR**
*Assistant Corporation Counsel*
phone: (212) 356-2337
seoconno@law.nyc.gov

June 8, 2026

<u>**VIA E.C.F.**</u>
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Ahmad Moussa, et al. v. City of New York, et al.</u>,
      25-CV-4732 (FB) (PK)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and an attorney representing the City Defendantss in the above-captioned matter. Defendants submit this letter to compel plaintiff's production of certain materials. Defendants make this motion in advance of the conference scheduled for June 9, 2026 in an effort to raise all current outstanding discovery issues in advavnce of the conference. Defendants submit this letter at this late juncture only because they been delayed by efforts to confer with plaintiffs' counsel to either resolve the differences, or obtain their participation in this process. Plaintiffs' counsel has refused to participate in the required meet-and-confer process by either phone or video related to an ongoing discovery dispute and refused to add their section in a joint letter, as required by Local Civil Rule 37.3(a) and Rule VI (A)(1)(a) of the individual practice rules of this Court. As a result defendants submit this letter without plaintiffs' response.

### I.   Procedural Background

   Defendants served discovery requests on October 30, 2025.[1] (Exhibit A-Defendants' Discovery Requests) Among other things, Defendants requested HIPPA releases for all the Plaintiffs, a computation of economic damages, and confirmation that plaintiffs had provided all emails, text messages, direct messages, or any other form of communication regarding the incident alleged in the Complaint. (<u>See</u> Exhibit A at Interrogatory No. 8, Doc Request No. 2, Document Request No. 4, Document Request No. 10) On March 6, 2026, Defendants sent a deficiency letter

---

[1] The releases themselves have been omitted as some releases contain personal information on the parties that should not be on the docket.

to Plaintiffs regarding these and other deficiencies. (Exhibit B-Defendants' Deficiency Letter dated March 6, 2026) At the March 10, 2026 meet and confer, Plaintiffs confirmed they would provide executed HIPPAs for all Plaintiffs. On May 8, 2026 the undersigned became primary counsel for the above case. That same day Plaintiffs' counsel provided HIPPAs for seven of the eight Plaintiffs. Upon review of discovery requested and exchanged in this case, the undersigned became aware of outstanding discovery issues described below, that required a meet and confer with Plaintiffs' counsel. On May 22, 2026, the undersigned contacted Plaintiffs' counsel to meet and confer to discuss these issues as well as to try to resolve any issues referenced in the Plaintiff's prior motion to compel. (Exhibit C at p. 7-8)

The parties initially agreed to meet and confer on May 28, 2026. Then, at Plaintiffs' request, the parties agreed to meet and confer on June 2, 2026. (Exhibit C at p. 4-5) On the evening of June 1, 2026, Plaintiffs' counsel advised Defendants that they did not believe there was any need to meet and confer because Defendants had filed a response to Plaintiffs' reply. Defendants reiterated there are separate discovery issues that required the parties to meet. (Exhibit C at p. 3) Plaintiffs declined to participate in a meet-and-confer by either phone or video on June 2, 2026. Defendants notified Plaintiffs they were going to file a letter outlining these discovery disputes, and provided them with a draft letter on June 4, 2026. Plaintiffs refused to participate, and threatened sanctions against Defendants. This morning, Plaintiffs counsel then offered to produce the required documents only if Defendants agreed to produce documents that are the subject of the pending motion. (Exhibit E-June 8, 2026 Emails between Defendants and Plaintiffs' Counsel at p. 1-3) Defendants have tried multiple times to resolve the discovery disputes in accordance with Your Honor's Rules but have been stonewalled by Plaintiffs.

## II.     Discovery Defendants Wish to Compel

Defendants are seeking to compel plaintiffs to provide basic information related to this lawsuit and their damages in four categories: (i) complete and proper HIPPA releases for each plaintiff; (ii) a computation of economic damages; (iii) a school release for plaintiff Moussa; and (iv) receipt of all non-privileged communications from plaintiffs regarding the subject of this lawsuit.

Defendants seek properly executed HIPPA forms from each Plaintiff. Plaintiffs claim they suffered physical and mental injuries, and therefore Defendants are entitled to HIPPA releases, including for mental health treatment related to extensive emotional damages. The undersigned received deficient releases, as outlined in the e-mail attached hereto. (Exhibit B- May 26, 2026 email at p. 2) On the latest email Plaintiffs' counsel sent before their refusal to meet and confer they stated they would only address Plaintiff Garcia's HIPPA on an unspecified date next week and did not address the following deficiencies. (Exhibit D at p. 1) Defendants require these releases in order to obtain an accurate measure of Plaintiffs' damages. If Plaintiffs' are attempting to seek damages they need to show their injuries. If not Defendants are prejudiced since the only source that state all the Plaintiffs were injured were Plaintiffs themselves with no way to check them. Defendants' acknowledge Plaintiffs' efforts to serve HIPPAs for some of the Plaintiffs. However, they have shown no interest in discussing these deficiencies with counsel or even giving a date certain on when these deficiencies will be cured. Therefore, Defendants respectfully request the Court order Plaintiffs to produce properly executed HIPPAS with no deficiencies for each Plaintiff in this case by a date certain.

Defendants have asked for a comptation of each Plaintiffs' economic damages that they are alleging occurred as a result of the incident. Plaintiffs have only stated they would provide an answer at an unspecified date next week. Economic damages are a basic part of relief that is sought and Defendants should not have to chase down Plaintiffs' computation. If there are not economic damages, each plaintiffshould confirm there are no economic damages. If there are economic damages, particulary for lost income, a computation of those damages as well as the appropriate executed releases should be produced to Defendants.

In the May 22, 2026 email Defendants also raised that a school release was required to obtain Plaintiff Moussa Ahmed's attendance records.[2] Specifically, Plaintiff Moussa points to "taking days off of school" as a result of the emotional damages his arrest allegedly caused him. (ECF No. 19 at ¶ 176.) Because Plaintiff Moussa has made allegations that the incident impacted his ability to attend school, Defendants are entitled to his attendance records to confirm his allegations. However, Plaintiffs' counsel has not acknowledged this request, seemed open to discussing, or even given a vague date on when this can be expected. As such Defendants respectfully request the Court to compel Plaintiff produce the release.

Lastly, Plaintiffs' counsel has not sent a confirmation on whether they have searched for all emails, text messages, direct messages, or any other form of communication that are in their possesion regarding the incident alleged in the Complaint. If Plaintiffs do not have such records, they should simply say so, or produce any records that do exist.

Plaintiffs have offered no reason why the information sought is not discoverable in this matter or is unavailable to them, and should be compelled to produce the documents by a date certain.

Defendants thank the Court for its consideration.

Respectfully submitted,

_____/s/ *Seamus O'Connor*_____
Seamus O'Connor
*Assisstant Corporation Counsel*

---

[2] This outstanding production was discovered by the undersigned as a result of reviewing the case file and discovery responses. While this was not raised in the deficiency letter, the undersigned did mention this during the May 26, 2026 email to Plaintiff's counsel.